UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TYRONE MASSEY,

                                Plaintiff,

        - against -

CAPTAIN HOLDER, CITY OF NEW YORK,

                              Defendants.
------------------------------------------------------------------------X

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS HOLDER AND CITY OF NEW YORK**

20-CV-8067 (RA) (OTW)

**Jury Trial Demanded**

        Defendants Kemba Holder and the City of New York, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, as and for defendants' answer to plaintiff's complaint, dated September 29, 2020 ("the complaint"), respectfully allege, upon information and belief, the following:

1. Deny the allegations set forth on page 2, Section I, of the complaint, except admit only that Plaintiff purports to proceed as stated therein.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth on page 2, Section II, of the complaint, except admit only that, upon information and belief, at the time the complaint was filed, Plaintiff was incarcerated at Manhattan Detention Complex, at 125 White Street, New York, NY 10013, under the Prisoner ID # 8952000522.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth on page 2, Section III, of the complaint, except admit only that, upon information and belief, at the time the complaint was filed, Plaintiff was incarcerated as a pretrial detainee.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth on page 3, Section IV, of the complaint, except admit only that, at the time the complaint was filed, upon information and belief, defendant Holder was employed by the City of New York as a New York City Department of Correction officer and was assigned to Manhattan Detention Complex at 125 White Street, New York, NY 10013.

5. Deny the allegations set forth in Section V of the complaint, except admit, upon information and belief, that 9 p.m. is the institutional lock-in time, and that plaintiff was sprayed with a chemical agent and subsequently decontaminated; defendants further deny knowledge or information sufficient to form a belief as to why plaintiff did not file a grievance. Defendants further state that to the extent that Section V contains conclusions of law, rather than averments of fact, no response to those portions are required.

6. Deny that plaintiff is entitled to any of the relief requested in Section VI of the complaint.

**FIRST AFFIRMATIVE DEFENSE**

7. The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

8. Defendants have not violated any right, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political division thereof, nor has any defendant violated any act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE**

9. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of any defendant.

**FOURTH AFFIRMATIVE DEFENSE**

10. Punitive damages cannot be assessed against defendant Holder in her official capacity nor defendant City of New York.

**FIFTH AFFIRMATIVE DEFENSE**

11. Plaintiff provoked or was at fault for any alleged incident.

**SIXTH AFFIRMATIVE DEFENSE**

12. To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of Plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h, and/or 50-i.

**SEVENTH AFFIRMATIVE DEFENSE**

13. Plaintiff failed to state a viable claim under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).

**EIGHTH AFFIRMATIVE DEFENSE**

14. Plaintiff may have failed to mitigate his damages.

**NINTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust administrative remedies.

**TENTH AFFIRMATIVE DEFENSE**

16. Defendant Holder did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is entitled to qualified immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

17. To the extent that force was used, it was reasonable under the circumstances.

**TWELFTH AFFIRMATIVE DEFENSE**

18. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

**WHEREFORE**, Defendants demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              January 4, 2021

                                              JAMES E. JOHNSON
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York and Holder*
100 Church Street,
New York, New York 10007

By:   *Qiana Smith-Williams*
Qiana Smith-Williams[1]
Senior Counsel
Special Federal Litigation

cc:   **VIA FIRST-CLASS MAIL**
      Tyrone Massey
      Manhattan Detention Complex
      125 White Street
      New York, New York 10013

---

[1] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently applying for admission. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.