

<div style="display:flex;justify-content:space-between;">
<div>
**JAMES E. JOHNSON**
*Corporation Counsel*
</div>
<div align="center">
THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007
</div>
<div>
**QIANA SMITH-WILLIAMS**
*Senior Counsel*
phone: (212) 356-2360
fax: (212) 356-3509
e-mail: qwilliam@law.nyc.gov
</div>
</div>

March 23, 2021

**BY ECF**
Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

    Re: <u>Tyrone Massey v. City of New York, et al.</u>,
       20 Civ. 8067 (RA) (OTW)

Your Honor:

  I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to represent the City of New York and Captain Holder in the above-referenced matter. In accordance with Your Honor's Order, dated March 19, 2021, Defendants write in response to Plaintiff's letter, dated March 7, 2021, wherein he states that he is undergoing an Article 730 evaluation and requests an injunction, stay/extension of time, and pro bono counsel (ECF No. 18); and to advise the Court as to the status of the Article 730 evaluation. Defendants respectfully request that the Court deny Plaintiff's request for a preliminary injunction, as he fails to meet the standard for such an injunction given his vague and conclusory allegations. Further, Defendants do not object to Plaintiff's request for a stay/extension of time pending the Court's decision regarding the appointment of pro bono counsel.

  By way of background, according to the complaint, Plaintiff alleges that he was subjected to deliberate indifference, excessive force, and retaliation. Specifically, Plaintiff alleges that, on September 4, 2020, he cut himself because he was experiencing a mental health crisis, but that Captain Holder did not intervene or deescalate Plaintiff, denied him medial attention, and sprayed him with chemical agent. Furthermore, Plaintiff alleges that the City is liable pursuant to <u>Monell</u> for failure to train. On March 7, 2021, Plaintiff requested an "extension of time on all current lawsuits pending the court's assistance in granting me pro bono attorneys to assist [me] in discovery matters for all cases" in light of the fact that he is "currently undergoing a court order 730 evaluation." Plaintiff further requested an injunction "directing NYC DOC to use body cameras and handheld cameras during all escorting/search procedures and affording . . . minimum standard services. . . ." The basis for the requested injunction is not wholly clear, however, Plaintiff alleges that his 311 complaints and grievances are submitted to

staff and employees that "violat[e him]," that he has been subjected to "federal criminal acts that has cause[d] [his] mental and physical wellbeing to deteriorate," and that "medical staff persistently does not enforce their written policies." (Id.)

**Plaintiff's Article 730 Evaluation and Request for Stay/Extension**

In response to Your Honor's Order directing Defendants to provide information concerning Plaintiff's Article 730 evaluation, upon information and belief, the state trial court ordered the evaluation on February 28, 2021 and the report is due on April 6, 2021. Without a properly executed HIPAA medical release from Plaintiff and/or a Court Order permitting Defendants to obtain Plaintiff's mental health records, Defendants are not in a position to obtain further information concerning the mental health evaluation. Nevertheless, Defendants do not object to Plaintiff's request for a stay pending the completion of the evaluation report that is due on April 6, 2021, and/or the Court's decision concerning the appointment of pro bono counsel.

**Legal Standard – Preliminary Injunction Seeking Mandatory Relief**

"A party seeking a preliminary injunction must demonstrate (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." MyWebGrocer, LLC v. Hometown Info, Inc., 375 F.3d 190, 192 (2d Cir. 2004) (internal quotation marks omitted). "Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted). "Preliminary injunctive relief is an extraordinary and drastic remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mercado v. Dep't of Corr., No. 16-CV-1622 (VLB), 2017 U.S. Dist. LEXIS 41881, at *4-*5 (D.Conn. Mar. 23, 2017). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." Milner v. Black, No. 16-CV-1621 (SRU), 2017 U.S. Dist. LEXIS 94558, at *2 (D.Conn. June 2, 2017).

The burden upon the moving party is heightened when the movant . . . seeks to disturb the status quo by ordering affirmative relief. . . ." Hertz Corp. v. Avis, Inc., 867 F. Supp. 208, 211 (S.D.N.Y. 1994). "Essentially, to alter the status quo, and thus effectively obtain all the relief to which the moving party would be entitled were he to prevail on the merits, the movant must make an even greater demonstration of likelihood of success than he would in connection with an injunction that maintains the status quo." Do the Hustle, LLC v. Rogovich, No. 03 Civ. 3870 (VM), 2003 U.S. Dist. LEXIS 10445, at *24 (S.D.N.Y. June 19, 2003).

*Plaintiff Has Not Shown a Clear and Substantial Likelihood of Success on the Merits*

Here, Plaintiff's request for a preliminary injunction for affirmative relief should be denied for several reasons. As an initial matter, the injunctive relief Plaintiff seeks would apply to more than the facts alleged in this action and/or Defendant Holder; in fact, every non-party DOC official that interacts with Plaintiff would have to record the interaction. However, this court only has personal jurisdiction over Defendant Holder and Plaintiff fails to show why such a broad injunction is necessary. See Dublino v. McCarthy, No. 19-CV-0381 (GLS) (DJS), 2019 U.S. Dist. LEXIS 78347, at *51-*52 (N.D.N.Y. May 9, 2019) (holding that plaintiff's

request for an injunction is denied because it "would require restrictions placed on officials who are not defendants in the present action"); see also Hyundai Mipo Dockyard Co. v. AEP/Borden Indus. (In re Rationis Enters. of Pan.), 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."). Further, Plaintiff's request for a mandatory injunction implicitly assumes that Plaintiff will be subjected to constitutional deprivations, but such a premise is "purely speculative and, therefore, patently insufficient to make the showing required for the issuance of preliminary injunctive relief." See Dublino, 2019 U.S. Dist. LEXIS 78347, at *52-*53; Milner, 2017 U.S. Dist. LEXIS 94558, at *4 (holding that a speculative possibility of harm does not support preliminary injunctive relief).

Additionally, Plaintiff fails to articulate why he is entitled to an injunction as he does not state which written policies are purportedly not enforced by medical staff, the specific minimum standards that he has been denied, the subject of his 311 calls and grievances, the alleged acts of retaliation, or what "federal criminal acts" he is being subjected to. As such, Plaintiff has not come close to satisfying the heightened standard necessary for mandatory injunctions. See Dublino, 2019 U.S. Dist. LEXIS 78347, at *53 (holding that plaintiff failed to "demonstrate, with evidence, a clear and substantial" showing of a likelihood of success" (internal quotation marks omitted)). Moreover, because of Plaintiff's vague and unspecific claims, there is no way to determine if the allegations in the instant application are related to the claims and defendants set forth in the complaint in this matter versus one of Plaintiff's other litigations. See Al-Bukhari v. Semple, No. 15-CV-322 (SRU) (LEAD), 2019 U.S. Dist. LEXIS 28327, at *11 (D.Conn. Feb. 22, 2019) (collecting cases).

Finally, Plaintiff's request for affirmative relief—that handheld or body cameras be used every time a DOC employee interacts with him—is simply untenable and is nothing more than an incredibly improper attempt to embroil the Court in the internal workings of DOC including, but not limited to, directing DOC as to when interactions are to be recorded, how interactions are to be recorded and, presumably, what to retain and the manner of retention. See Milner, 2017 U.S. Dist. LEXIS 94558, at *2 ("In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons.").

Accordingly, Defendants respectfully request that the Court deny Plaintiff's request for an injunction, as he fails to meet the heightened standard for a preliminary injunction given his vague and conclusory allegations and the overbroad nature of the requested relief. However, Defendants do not object to Plaintiff's request for a stay/extension of time pending the Court's decision regarding the appointment of pro bono counsel.

Sincerely,

*Qiana Smith-Williams*

Qiana Smith-Williams[1]
*Senior Counsel*

---

[1] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently applying for admission. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.

cc:     **<u>VIA FIRST-CLASS MAIL</u>**
       Tyrone Massey
       West Facility
       16-06 Hazen Street
       East Elmhurst, New York 11370