*Revised: March 8, 2018*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
:
TYRONE H. MASSEY                                      :
                              Plaintiff,             :    No. 20-cv-8067 (RA) (OTW)
                                                     :
                  -against-                          :
                                                     :
                                                     :
                                                     :
CAPT. HOLDER, ET AL.,                                :
                              Defendants.            :
                                                     :
--------------------------------------------------------------x

### PROPOSED CASE MANAGEMENT PLAN FOR *PRO SE* CASE

1. **Summary of Claims, Defenses, and Relevant Issues.**

   Plaintiff/Defendant (circle one)

   Plaintiff appears to bring claims of deliberate indifference to medical needs and excessive force, arising from an alleged incident on September 4, 2020, where defendant Captain Holder allegedly failed to provide plaintiff with medical attention as he was experiencing a mental health crisis and cutting himself, and instead sprayed plaintiff with chemical agent.  Plaintiff further alleges that the City of New York is liable for failure to train its employees to give inmates medical attention.  Defendants assert that Captain Holder was not deliberately indifferent to plaintiff's medical needs on September 4, 2020, that any force used by Captain Holder was reasonable under the circumstances, and that plaintiff has failed to state a viable municipal liability claim against the City of New York. Captain Holder is also entitled to qualified immunity.

2. **I understand my obligation to preserve – and am preserving – relevant information.**

   Plaintiff/Defendant (circle one)

3. **Proposed Schedule.**

All discovery should be completed by **November 29, 2021**.

   a.    Depositions: Depositions shall be completed by **November 29, 2021**.

   b.    Neither party may take more than 10 depositions. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

   c.    Initial Requests for Documents must be made by **August 20, 2021**.

   d.    Responses to Requests for Documents must be made by **September 22, 2021**.

e.   Documents from third-parties (such as doctors) will/will not (circle one) be required. If required, the following are the third-parties from whom Documents will be requested.

Plaintiff's medical providers.

f.   Subpoenas requesting Documents from third-parties must be served by **October 1, 2021**. Documents obtained from third-parties must be provided to all parties in this matter.

g.   There will/will not (circle one) be expert testimony in this case. If expert testimony will be needed, please describe the topic on which the expert(s) is expected to testify:

Defendants do not believe that expert testimony is necessary in this matter. However, plaintiff believes that expert testimony from "mental health professionals" and certain DOC officials (*i.e.*, the "warden or chief of the department") will be necessary.

4.   **Early Settlement or Resolution.**

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than **October 28, 2021**. The following information is needed before settlement can be discussed:

Plaintiff would like to conduct a settlement conference "as soon as possible." Defendants believe that potential settlement cannot be meaningfully discussed until fact discovery is substantially completed (*i.e.*, within 90 days).

5.   **Other Matters.**

Plaintiff/Defendants (circle one) wish to discuss the following additional matters at the Initial Case Management Conference.

Plaintiff would like to discuss the preservation of video footage of the incident in this matter. Defendants note that, upon information and belief, video footage of the alleged use of force at issue in this matter has been preserved, and will be produced to plaintiff in due course.

Respectfully submitted this 29th day of July.

**ANDREW B. SPEARS**

*Assistant Corporation Counsel*

New York City Law Department

100 Church St.

New York, New York 10007

(212) 356-3159

aspears@law.nyc.gov

*Attorney for defendants*