| | USDC-SDNY |
|---|---|
| | DOCUMENT |
| | ELECTRONICALLY FILED |
| UNITED STATES DISTRICT COURT | DOC#: |
| SOUTHERN DISTRICT OF NEW YORK | DATE FILED: 05/03/2022 |

TYRONE H. MASSEY,

                Plaintiff,

      v.

CAPTAIN HOLDER, THE CITY OF NEW YORK,

                Defendants.

No. 20-CV-8067 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Tyrone Massey, proceeding *pro se*, filed this action on September 29, 2020, alleging deliberate indifference and excessive force by Defendants while he was in pretrial detention. He filed an amended complaint on September 23, 2021, which Defendants moved to dismiss on January 20, 2022.

    Plaintiff's opposition to Defendants' motion was due on February 17, 2022. After receiving no opposition, the Court ordered Plaintiff to either submit his opposition or advise the Court that he did not intend to file one by March 24, 2022. The Court warned that if it did not receive any such communication from Plaintiff, it may dismiss this action for failure to prosecute. After not Plaintiff did not respond by March 24, 2022, the Court issued another order on April 11, 2022, stating that if did not receive any communication from Plaintiff by May 2, 2022, it would dismiss this action for failure to prosecute. To date, the Court has not received any such communication; indeed, Plaintiff has not contacted the Court since the status conference that took place on October 12, 2021.

    Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may

dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see Belliard v. Royal Bank of Scotland PLC*, 213 F.R.D. 144, 145 (S.D.N.Y. 2003) (dismissing an action *sua sponte* pursuant to Rule 41(b)). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

Having considered the factors and procedural requirements laid out above, the Court hereby dismisses this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:    May 3, 2022
         New York, New York

_____
Ronnie Abrams
United States District Judge

2